1

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9   Armando Nieves Martinez; et al.,        )    No. CIV 13-955-TUC-CKJ (LAB)
                                             )
10                                           )    **Report and Recommendation**
                    Plaintiffs,              )
11                                           )
    vs.                                      )
12                                           )
                                             )
13  The United States of America,            )
                                             )
14                  Defendant.               )
                                             )
15  _____ )

16

17          Pending before the court is the government's motion to dismiss for lack of jurisdiction

18  and, in the alternative, for a more definite statement filed on December 16, 2013. (Doc. 11).

19          The plaintiff, Armando Nieves Martinez, claims he was browbeaten into falsely

20  confessing to drug smuggling by agents of the Department of Customs and Border

21  Protection.  The government moves that this court dismiss certain claims pursuant to

    FED.R.CIV.P. 12(b)(1) for lack of subject matter jurisdiction.

22          The case has been referred to Magistrate Judge Bowman for report and

23  recommendation pursuant to the Local Rules of Practice.  LRCiv 72.1.  The court finds the

24  motion suitable for decision without oral argument.  The motion to dismiss should be granted

25  in part.  The complaint should be dismissed with leave to file an amended complaint that

26  complies with Fed.R.Civ.P. 8 and 10.

27

28

1          Factual and Procedural Background

2          On August 18, 2011, the plaintiff, Armando Nieves Martinez, his wife, and two

3   children drove north from their home in Caborca, Sonora into Arizona intending to do some

4   shopping.  (Doc. 1)  Their trip was uneventful until they reached the U.S. Border Patrol

5   checkpoint north of Ajo, Arizona.  *Id*.

6          At the checkpoint, agents became suspicious.  (Doc. 1)  The vehicle was searched, and

7   the family members were placed in separate rooms.  *Id*.  The family was told that liquid

8   methamphetamine was found in the windshield wiper compartment.  *Id*.  Mr. and Mrs.

9   Martinez were told that if one of them accepted responsibility the remaining family members

10   would be released.  *Id*.

11          After about three hours of questioning, Martinez agreed to accept responsibility for

12   the drugs in exchange for having his family released from custody.  (Doc. 1) At the agents'

13   insistence, Martinez concocted a story in which his mechanic put the drugs in his car and he

14   was instructed to deliver them to a mall in Chandler, Arizona.  *Id*.  Martinez told the officers

15   the story was false, but the agents did not incorporate that statement into his declaration.  *Id*.

16          On September 24, 2011, the government filed a motion to dismiss the case because

17   the government's forensic laboratory found no drugs in the samples provided by the agents.

18   (Doc. 1)

19          Martinez and his family filed a complaint in this court alleging subject matter

20   jurisdiction pursuant to the Federal Tort Claims Act.  (Doc. 1) They claim "[t]he United

21   States['] actions and inactions constitute abuse of authority, defamation, assault, battery, false

22   imprisonment, negligence, gross negligence, intentional infliction of emotional distress,

23   negligent infliction of emotional distress, misrepresentation, negligent misrepresentation,

24   wrongful institution of legal proceedings, and wrongful interference with business relations."

25   (Doc. 1, p. 6)

26          On December 16, 2013, the government filed the pending motion to dismiss for lack

27   of jurisdiction and, in the alternative, for a more definite statement.  (Doc. 11)   The

28   government argues several of the plaintiffs' claims are not included in the limited waiver of

- 2 -

1    sovereign immunity provided by the Federal Tort Claims Act.  The government further

2    argues several of the plaintiffs' claims must be dismissed because there is no private person

3    analogue under Arizona common law.  The government argues in the alternative that the

4    complaint fails to comply with Fed.R.Civ.P. 8(a)(2).

5        The plaintiffs concede their claims for defamation, misrepresentation, and negligent

6    misrepresentation, are exempt from the Federal Tort Claims Act's waiver of sovereign

7    immunity.  (Doc. 14)  They further agree to withdraw claims for malicious prosecution,

8    wrongful interference with business relations, and negligent infliction of emotional distress.

9    *Id*.

10

11       Discussion

12       A motion to dismiss pursuant to FED.R.CIV.P. 12(b)(1) challenges this court's subject

13   matter jurisdiction.  Because federal courts are courts of limited jurisdiction, the party

14   invoking the jurisdiction of the court has the burden of proof.  *Thornhill Pub. Co., Inc. v.*

15   *General Tel. & Electronics Corp.,*  594 F.2d 730, 733 (9th Cir. 1979).

16       The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, et seq., "provides

17   a limited waiver of the sovereign immunity of the United States for torts committed by

18   federal employees acting within the scope of their employment." *Nurse v. United States*, 226

19   F.3d 996, 1000 (9th Cir. 2000). The government accepts liability "under circumstances where

20   the United States, if a private person, would be liable to the claimant in accordance with the

21   law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).

22       After the parties' briefing, the only claims still at issue are abuse of authority, assault,

23   battery, false imprisonment, negligence, gross negligence, and intentional infliction of

24   emotional distress. The government argues the complaint fails to provide a sufficient factual

25

26

27

28

1   basis to support claims for abuse of authority (abuse of process)[1] or battery.  The court agrees.

2   "The elements of an abuse-of-process claim are (1) a willful act in the use of judicial

3   process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings."

4   *Crackel v. Allstate Ins. Co.*,  208 Ariz. 252, 257, 92 P.3d 882, 887 (App. 2004) (punctuation

5   modified).  "A party can demonstrate the latter element by showing that the process has been

6   used primarily to accomplish a purpose for which the process was not designed."  *Id.*

7   "[A] generalized allegation that a defendant has misused the litigation process as a

8   whole can [not] support a claim of abuse of process."  *Id.*  Instead, "a plaintiff must prove

9   that one or more specific judicially sanctioned processes have been abused to establish an

10   abuse-of-process claim."  *Id.*

11   In this case, the plaintiffs allege Martinez's arrest was accomplished by coercion and

12   was not supported by probable cause.  They do not allege, however, that the arrest occurred

13   to accomplish an improper purpose.  As it stands now, the complaint does not support an

14   action for abuse of process.  *But see, e.g., Donahoe v. Arpaio*,  869 F.Supp.2d 1020,

15   1060-1061 (D.Ariz. 2012)  (Claim for abuse of process was supported by allegation that the

16   defendants hired "a process server to serve Donahoe with the federal RICO suit, whom they

17   knew or should have known had been previously prosecuted for threatening to kill

18   Donahoe.").

19   The common law battery claim also lacks explicit support in the complaint.  "The

20   elements of common law battery consist of an intentional act by one person that results in

21   harmful or offensive contact with the person of another. . . ."  *Rice v. Brakel*,  233 Ariz. 140,

22   143, 310 P.3d 16, 19 (App. 2013).   It is not clear from the complaint what act and what

23   contact constitute the plaintiffs' claim for battery.

24   The government also argues this court should grant its motion for a more definite

25   statement pursuant to Rule 12(e). Fed.R.Civ.P.  Pursuant to that Rule, "[a] party may move

26

27   _____

28   [1] According to the plaintiffs, the claim for "abuse of authority" is a claim for "abuse of process."  (Doc. 14, p. 3)

- 4 -

1  for a more definite statement of a pleading to which a responsive pleading is allowed but

2  which is so vague or ambiguous that the party cannot reasonably prepare a response."

3  Fed.R.Civ.P.   The court agrees that the construction of the complaint makes the

4  government's response problematic.

5       The complaint gives a fairly clear description of Martinez's trip north and his

6  subsequent detention by the agents.  After that description, however, the complaint simply

7  asserts in a single sentence that the agents' "actions and inactions" constitute 13 separate

8  causes of action, which are listed without further explanation.  The complaint fails to explain

9  clearly what the agents did or failed to do that gives rise to each individual cause of action.

10  *See* Fed.R.Civ.P. 8(a)(2).  To enable the defendant to form a considered answer, the plaintiffs

11  must identify what facts support each individual claim in the complaint.  *See also Pinzon v.*

12  *Jensen*, 2009 WL 231164, 2 (E.D.Cal. 2009)  ("The court will not sift through the complaint

13  and guess which facts go to which claim . . . .").  "If doing so would promote clarity, each

14  claim founded on a separate transaction or occurrence . . . must be stated in a separate count

15  . . . ."  Fed.R.Civ.P. 10(b).

16

17       Recommendation

18       The Magistrate Judge recommends the District Court, after its independent review of

19  the record, enter an order GRANTING IN PART the government's motion to dismiss for

20  lack of jurisdiction and, in the alternative, for a more definite statement filed on December

21  16, 2013.  (Doc. 11)

22       The motion to dismiss should be granted as it relates to the claims for defamation,

23  misrepresentation, and negligent misrepresentation.  The motion should be denied as moot

24  as it relates to the claims for malicious prosecution, wrongful interference with business

25  relations, and negligent infliction of emotional distress.  The plaintiff agrees that these claims

26  will be withdrawn.

27

28

1        The motion for a more definite statement should be granted.  The complaint should
2  be dismissed with leave to file an amended complaint that complies with Fed.R.Civ.P. 8 and
3  10.

4        Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within
5  14 days of being served with a copy of this report and recommendation.   If objections are
6  not timely filed, the party's right to de novo review may be waived.  The Local Rules permit
7  the filing of a response to an objection.  They do not permit the filing of a reply to a response.

8        DATED this 15th day of May, 2014.

_Leslie A. Bowman_

Leslie A. Bowman
United States Magistrate Judge

- 6 -