IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Nieves Martinez, et al., | No. CV-13-00955-TUC-CKJ (LAB) |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

On May 15, 2014, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation, (Doc. 16), in which she recommended granting in part Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for More Definite Statement. (Doc. 11). Magistrate Judge Bowman advised the parties that written objections to the Report and Recommendation were to be filed within fourteen days of service of a copy of the Report and Recommendation pursuant to 28 U.S.C. §636(b). Plaintiffs have filed an objection. (Doc. 17). Defendant has filed a response. (Doc. 18).

I.   *Background*

The parties do not object to the factual background as set forth in the Report and Recommendation. As such, the Court adopts the Report and Recommendation's background information.

II.   *Procedural History*

On August 16, 2013, Plaintiffs filed a Complaint alleging that the United States'

actions constituted abuse of authority, defamation, assault, battery, false imprisonment, negligence, gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, misrepresentation, negligent misrepresentation, wrongful institution of legal proceedings, and wrongful interference with business relations. (Doc. 1). On December 16, 2013, Defendant filed a Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for More Definite Statement. (Doc. 11). Plaintiffs filed a Response on February 17, 2014. (Doc. 14). Defendant filed a Reply on March 3, 2014. (Doc. 15).

On May 15, 2014, Magistrate Judge Bowman issued a Report and Recommendation. (Doc. 16). In her Report and Recommendation, Magistrate Judge Bowman recommends granting Defendant's Motion as it relates to the claims of defamation, misrepresentation and negligent misrepresentation. Further, Magistrate Judge Bowman recommends denying the Motion as moot as to the claims for malicious prosecution, wrongful interference with business relations and negligent infliction of emotional distress as Plaintiffs agreed to withdraw those claims. Finally, Magistrate Judge Bowman recommends granting the Motion for a More Definite Statement and dismissing Plaintiffs' Complaint with leave to amend.

Plaintiffs filed Objections to the Report and Recommendation on May 28, 2014. (Doc. 17). Plaintiffs agree with Magistrate Judge Bowman's recommendation that based on the concessions and withdrawals of Plaintiffs, the claims for defamation, misrepresentation, negligent misrepresentation, malicious prosecution, wrongful interference with business relations and negligent infliction of emotional distress should be dismissed. Accordingly, the only remaining claims include abuse of authority, assault, battery, false imprisonment, negligence, gross negligence, and intentional infliction of emotional distress.

III.  *Standard of Review*

This Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Pursuant to 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *See also Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D.Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"); *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir.2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

IV.    Analysis

Magistrate Judge Bowman recommended dismissing Plaintiffs' Complaint with leave to amend because the construction of the Complaint made it difficult to discern which factual allegations supported each claim. In the Objection, Plaintiffs' counsel copies verbatim his argument as set forth in Plaintiffs' Response to Defendant's Motion. *See* (Doc. 14, p. 4 and Doc. 17, p. 2-3). Essentially, Plaintiff provides Fed.R.Civ.P. 8(a) in its entirety and summarily suggests that it is unnecessary for him to list each of his claims.

Plaintiffs have failed to plead each of their claims in separate counts and failed to identify which factual allegations support each claim. Instead the claims are provided in list format without any distinction. *See* (Doc. 1 at ¶22). The preferred practice of pleading is to state various claims for relief in separate counts. *See* Fed.R.Civ.P. 10(b). Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981). "It is Plaintiff's burden, not that of the court, to separately identify claims and state facts in support of each claim." *Pinzon v. Jensen*, 2009 WL 231164 *2

(E.D. Cal. 2009). Plaintiff "must separate each claim and state facts in support of each individual claim. The court will not sift through the complaint and guess which facts go to which claim." *Id.* Furthermore, the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds*, in attempting to decipher a complaint, let alone a litigant that is represented by counsel.

As such, Magistrate Judge Bowman's recommendation that Plaintiffs' Complaint be dismissed with leave to file an First Amended Complaint that complies with Fed.R.Civ.P. 8 and 10 is adopted.

*Abuse of Process*

Magistrate Judge Bowman found that Plaintiffs' Complaint failed to provide a sufficient factual basis to support a claim for abuse of process.

In Arizona, "[o]ne who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." *Nienstedt v. Wetzel*, 133 Ariz. 348, 353 (Ariz. Ct. App. 1982). "[A]n abuse of process claim may be based on the full range of court procedures provided by the civil litigation process" and may be committed by litigants that are merely defending an underlying action. *Crackel v. Allstate Ins. Co*., 208 Ariz. 252, 258 (Ariz. Ct. App. 2004).

"The elements of an abuse-of-process claim are (1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings." *Crackel,* 208 Ariz. at 257. Pursuant to Arizona law, the second element is akin to a showing that the "process has been used primarily to accomplish a purpose for which the process was not designed." *Wetzel*, 133 Ariz. at 353. The Ninth Circuit Court of Appeals has explained that pursuant to Arizona law, in order to properly allege a claim of abuse of process, the Complaint must allege with factual allegations that there was a willful act committed in the use of a judicial process for an improper ulterior purpose.

*Grabinski v. National Union Fire Ins. Co. of Pittsburgh*, 265 Fed. Appx. 633, 635 (9th Cir. 2008).[1]

In their Objection, Plaintiffs argue that paragraph 21 of the Complaint sets forth the factual allegations supporting their abuse of process claim. Pursuant to paragraph 21 of the Complaint:

> To add insult to injury, the U.S. Immigration and Customs Enforcement officers, knowing that Mr. Nieves has businesses that require his presence in the United States, falsely reported Mr. Nieves as a drug trafficker with the U.S. Department of State causing the loss of tourist visas for Mr. Nieves and his entire family. As a result, Mr. Nieves has lost businesses and income generated by his work and contacts in Arizona, Texas, and California.

(Doc. 1). Plaintiffs did not make this argument in its Response to Defendant's Motion and Magistrate Judge Bowman presumed that Plaintiffs' abuse of process claim was related to the alleged false arrest. Plaintiffs now argue that Mr. Nieves alleged arrest was not the basis of his abuse of process claim.[2]

However, even assuming Plaintiffs' abuse of process claim is based on the factual allegations set forth in paragraph 21 of the Complaint, it is still insufficient. Plaintiffs' Complaint fails to allege that the act of reporting Defendant as a drug trafficker to the Department of State and the resulting denial of his visas constitutes a judicial process or that the reporting of this information to the Department of State was for some improper ulterior purpose.

As such, the Court finds that, Plaintiffs' Complaint fails to state a valid claim for abuse of process. Since the Court is adopting Magistrate Judge Bowman's recommendation regarding the abuse of process claim, the Court shall not address

---

[1] The *Grabinski* opinion was not selected for publication and as such is not "precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion." Ninth Circuit Rule 36-3(a). Since the present case does not fall into one of those three categories, the *Grabinski* opinion while instructive is not controlling.

[2] This demonstrates the necessity that Plaintiffs draft a Complaint that sufficiently delineates each cause of action and the factual allegations set forth to support each cause of action.

- 5 -

1 Defendant's remaining arguments supporting the dismissal of this claim. *See* (Doc. 18).

*Battery*

Magistrate Judge Bowman recommended dismissing Plaintiffs' battery claim because the Complaint was not clear on what acts constituted battery. In their Objection, Plaintiffs argue that the allegations that Plaintiffs were forcefully seized and placed in automobiles and rooms, questioned for hours and threatened with prison unless Plaintiff confessed to a crime and the subsequent arrest of Mr. Nieves, constitutes battery.

Arizona follows the Restatement (Second) of Torts in determining the elements of a battery claim. *See e.g. Duncan v. Scottsdale Medical Imaging, Ltd*., 205 Ariz. 306, 309, 70 P.3d 435 (Ariz. 2003). Pursuant to the Restatement, "an actor is subject to liability to another for battery if the actor intentionally engages in an act that results in harmful or offensive contact with the person of another." *Id*.

In the first instance, the Complaint is not clear as to which Plaintiffs were allegedly battered. Further, some of the acts that Plaintiffs argue supports a battery claim such as being questioned for hours and threatened with prison do not appear to involve any physical contact at all. Plus, the Complaint and Plaintiffs' Objections are vague as to whether any physical contact actually occurred prior to Mr. Nieves' arrest.

The factual allegations in the Complaint read that Plaintiffs were "ordered" to exit their vehicle, they were "placed" in separate rooms, "transferred" in automobiles to another facility, and "separated" into three rooms. *See* (Doc. 1). The only potential reference to any physical contact prior to Mr. Nieves' arrest is the "searching" and "fingerprinting" of the Plaintiffs, but there is no allegation that this contact was offensive or harmful. In fact, in their Objection, Plaintiffs do not even suggest that the searching and fingerprinting of the Plaintiffs was offensive or harmful physical contact. Any further references to physical contact in the Complaint relate to the arrest of Mr. Nieves after the remaining Plaintiffs were released and there are no allegations in the Complaint that the arrest and handcuffing of Mr. Nieves was offensive or harmful.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation is ADOPTED. (Doc. 16).

2. Defendant's Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for More Definite Statement is GRANTED IN PART. (Doc. 11).

3. Plaintiffs' causes of action for defamation, misrepresentation, malicious prosecution, wrongful interference with business relations, negligent infliction of emotional distress and negligent misrepresentation are DISMISSED.

4. Plaintiffs' Complaint is DISMISSED WITH LEAVE TO AMEND as to the remaining causes of action for abuse of authority, assault, battery, false imprisonment, negligence, gross negligence and intentional infliction of emotional distress.

5. Plaintiffs may file a first amended complaint within thirty (30) days of the date of this Order in compliance with the terms of this Order.

6. If Plaintiff fails to file a First Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court must, without further notice, enter a judgment dismissing this case with prejudice.

Dated this 22nd day of July, 2014.

_____
Cindy K. Jorgenson
United States District Judge