**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Nieves Martinez; et al., | No. CIV 13-955-TUC-CKJ (LAB) |
| Plaintiffs, | ORDER |
| vs. | |
| United States of America, | |
| Defendant. | |

Pending before the court is the government's motion for a more definite statement, filed on September 17, 2014. (Doc. 21).

The plaintiff, Armando Nieves Martinez, claims he was browbeaten into falsely confessing to drug smuggling by agents of the Department of Customs and Border Protection. The government moves that this court dismiss the complaint and instruct the plaintiffs to file a more definite statement of their claims pursuant to FED.R.CIV.P. 12(e).

The case has been referred to Magistrate Judge Bowman for pretrial proceedings pursuant to the Local Rules of Practice. LRCiv 72.2.

The court finds the complaint is sufficient and denies the motion.

Factual and Procedural Background

1   On August 18, 2011, the plaintiff, Armando Nieves Martinez, his wife, and two
2   children drove north from their home in Caborca, Sonora into Arizona intending to do some
3   shopping. (Doc. 20)  Their trip was uneventful until they reached the U.S. Border Patrol
4   checkpoint north of Ajo, Arizona. *Id*.

5   At the checkpoint, agents became suspicious. (Doc. 20) The vehicle was searched,
6   and the family members were placed in separate rooms. *Id*. The family was told that liquid
7   methamphetamine was found in the windshield wiper fluid. *Id*. Mr. and Mrs. Martinez were
8   told that if one of them accepted responsibility, the remaining family members would be
9   released. *Id*.

10  After about three hours of questioning, Mr. Martinez agreed to accept responsibility
11  for the drugs in exchange for having his family released from custody. (Doc. 20) At the
12  agents' insistence, Mr. Martinez concocted a story in which his mechanic put the drugs in
13  his car, and he was instructed to deliver them to a mall in Chandler, Arizona. *Id*. Martinez
14  told the officers the story was false, but the agents did not incorporate that statement into his
15  declaration. *Id*.

16  On September 24, 2011, the government filed a motion to dismiss the case because
17  the government's forensic laboratory found no drugs in the samples provided by the agents.
18  (Doc. 20)

19  Martinez and his family filed a complaint in this court alleging subject matter
20  jurisdiction pursuant to the Federal Tort Claims Act. (Doc. 1)  The government filed a
21  motion to dismiss for lack of jurisdiction and, in the alternative, for a more definite statement.
22  (Doc. 11)  The court granted the motion in part and dismissed the complaint with leave to
23  amend. (Docs. 16, 19)  The court found no jurisdiction over the plaintiffs' claims for
24  defamation, misrepresentation, and negligent misrepresentation. *Id*.

25  On August 19, 2014, Martinez and his family filed an amended complaint alleging
26  assault, intentional infliction of emotional distress, negligence, gross negligence, and false
27  imprisonment. (Doc. 20)

28

1    On September 17, 2014, the government filed the pending motion for a more definite
2    statement pursuant to Fed.R.Civ.P. 12(e). (Doc. 21).

4    Discussion

5    Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to
6    which a responsive pleading is allowed but which is so vague or ambiguous that the party
7    cannot reasonably prepare a response." Fed.R.Civ.P. "However, a motion for a more
8    definite statement must be considered in light of the liberal pleading standards of Rule 8(a)."
9    *Hubbs v. County of San Bernardino, CA*, 538 F.Supp.2d 1254, 1262 (C.D.Cal. 2008).
10   "Thus, a motion for a more definite statement under Rule 12(e) should be granted only where
11   the complaint is so indefinite that the defendants cannot ascertain the nature of the claims
12   being asserted and literally cannot frame a responsive pleading." *Id*. (punctuation modified).
13   "Rule 12(e) motions are disfavored and rarely granted." *Griffin v. Cedar Fair, L.P.*,
14   817 F.Supp.2d 1152, 1156 (N.D.Cal. 2011). "The rule is aimed at unintelligibility rather
15   than lack of detail and is only appropriate when the defendants cannot understand the
16   substance of the claim asserted." *Id*.

17   In its motion, the government argues the complaint lacks certain specifics. (Doc. 21)
18   For example, while the complaint claims the agents were negligent, it does not specify "*who*
19   was negligent, *what* duties they owed Mr. Nieves-Martinez and *how* they failed to discharge
20   such duties . . . ." (Doc. 21, p. 3)

21   The government further argues it is unable to match particular allegations to particular
22   claims. (Doc. 21) For example, the government argues it is unable to determine if a
23   particular action constitutes negligence, gross negligence, or intentional infliction of
24   emotional distress. *Id*. Finally, the government argues the complaint fails to match each
25   particular action by the agents to a particular plaintiff. *Id*.

26   These are legitimate concerns, but they will be resolved later during the discovery
27   process. At this stage, the only issue is whether the government is able to understand the
28   nature of the claims. And, the court concludes it is able to do so. *See, e.g., Davis v. Amtrak*,

1  2013 WL 3187385, 2 (N.D.Cal. 2013)  ("A 12(e) motion should also be denied if the detail
2  sought is obtainable through discovery.").  Accordingly,
3
4      IT IS ORDERED  that the government's motion for a more definite statement, filed
5  on September 17, 2014, is DENIED.  (Doc. 21).
6      DATED this 5th day of November, 2014.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 4 -