**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Nieves Martinez, et al., | No. CV-13-00955-TUC-CKJ (LAB) |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

On August 13, 2018, Plaintiffs filed a Notice of Lodging Proposed Form of Rule 54(b) Judgment. (Doc. 161). Because the request for judgment was improperly filed as a notice rather than a motion, *see* Fed.R.Civ.P. 7(b)(1), the Court sent an email to the parties, asking the Government to respond (Doc. 163) and affording Plaintiffs time to reply (Doc. 164). Plaintiff's Notice claims that the analysis from *Indian Towing v. United States,* 350 U.S. 61 (1955), applies to the claims that the Court summarily dismissed in its July 10, 2018 Order. Therefore, Plaintiffs believe there is an appealable issue that warrants issuing final judgment on the claims of negligence, gross negligence, false imprisonment, and assault. For the first time in their reply, Plaintiffs argue that the actions of agents were "follow the manual" ministerial decisions, and not discretionary. (Doc. 164 at 8). However, Plaintiffs did not brief this argument in either their Response to Defendant's Motion for Summary Judgment (Doc. 139) or Response to Defendant's Objections to the Report and Recommendation (Doc. 153). Therefore, they have waived the issue. *See Ramirez v. Galaza,* 334 F.3d 850, 859 n.6 (9th Cir. 2003) ("[A] party may

not raise new issues of fact on appeal after declining to present those facts before the trial court."). In addition, as explained in the Court's Order, *Indian Towing* and its progeny do not apply in this instance. (*See* Doc. 156 at 6-7). In this instance, the Court determines that partial judgment under Rule 54(b) is inappropriate.

In general, the federal court of appeals may only review a district court's final decision under 28 U.S.C. § 1291, but an order must dispose of all claims and parties to be considered final. *See Nuwintore v. United States*, No. CV-13-0967-AWI-JLT, 2014 WL 7335215, at *1 (E.D. Cal. Dec. 19, 2014). However, Federal Rule of Civil Procedure 54(b) provides an avenue for appeal prior to final determination on all claims in certain instances. It states:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court determines that there is no just reason for delay. Otherwise any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties.

Fed.R.Civ.P. 54(b). The Court has discretion to determine when a Rule 54(b) judgment is appropriate and when it is more appropriate to deny a Rule 54(b) motion to "preserve the historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). "'A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result[.]'" *Frank Briscoe Co. v. Morrison–Knudsen Co.,* 776 F.2d 1414, 1416 (9th Cir. 1985).

Here, Plaintiffs' claims of negligence, gross negligence, false imprisonment, assault, and intentional infliction of emotional distress are all against one party: the United States. Furthermore, Plaintiffs' claims arise from a single occurrence: a border patrol stop, search, and arrest. In addition, Defendant raised a singular defense against all of Plaintiffs' claims, arguing they are precluded under the discretionary function exception to the Federal Tort Claims Act. Therefore, the claims are "closely related, factually and legally[,]" and do not support a final decision on some but not all of part of

the claims. *See Jewel v. Natl. Sec. Agency*, 810 F.3d 622, 629 (9th Cir. 2015).

Also, in the interest of judicial economy, a judgment on fewer than all of the claims is inappropriate. Plaintiffs' argument that the issue has a possibility of successful on appeal is not persuasive. Prior to any appellate decision, an appeal has the possibility of success. This case is not unusual. In addition, the intentional infliction of emotional distress claim is not complicated, and the Court does not expect a trial to be lengthy. To expedite matters the Court will set a Status Conference to determine trial dates. Plaintiffs' claims may be reviewed by the appellate court immediately thereafter. *See Blair v. Shanahan*, 38 F.3d 1514, 1522 (9th Cir. 1994) (holding no abuse of discretion when District Court denied Rule 54(b) motion because it involved short bench trial and could thereafter be appealed). No unjust result will occur in proceeding without partial judgment.

Accordingly, the Notice of Lodging Proposed Form of Rule 54(b) Judgment. (Doc. 161) is DENIED.

A Status Conference is set for Tuesday, September 18 at 10:00 a.m. before the Hon. Cindy K. Jorgenson, Courtroom 5C of the Evo A. DeConcini United States Courthouse, 405 W. Congress Street, Tucson, Arizona 85701.

Dated this 10th day of September, 2018.

Honorable Cindy K. Jorgenson
United States District Judge

- 3 -